```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
――――――――――――――――――――――――――――――――

| | |
|---|---|
| **ESTEVEZ,** | 16-cv-00073 (JGK) |
| Plaintiff, | <u>MEMORANDUM OPINION AND ORDER</u> |
| - against - | |
| **THE CITY OF NEW YORK ET AL.,** | |
| Defendants. | |

――――――――――――――――――――――――――――――――

**JOHN G. KOELTL, District Judge:**

The plaintiff, Juan Estevez, a convicted inmate proceeding *pro se*, claims pursuant to 42 U.S.C. § 1983 that his constitutional rights were violated while he was incarcerated at the Anna M. Kross Center (the "AMKC"), a holding facility operated by the New York City Department of Correction (the "DOC"). Specifically, the plaintiff claims that his constitutional rights were violated by deliberately indifferent prison officials when he slipped and fell on an unduly wet shower floor at the AMKC, and when he received allegedly inadequate medical treatment for his resulting injuries.

DOC Commissioner Joseph Ponte, AMKC Warden Carlton Newton, Supervising Warden Robert Cripps, and West Facility Warden Luis A. Rivera (the "individual defendants"), and the City of New York (the "City") (collectively, the "defendants") have moved to dismiss the Amended Complaint for failure to state a claim

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] For the following reasons, the motion to dismiss is **granted**.

I.

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a

---

[1] While the plaintiff denies that the motion to dismiss should be granted, the plaintiff did not provide a substantive response to the defendants' motion to dismiss. See Dkt. 53.

2

court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." Id.

When faced with a *pro se* complaint, the Court must "construe [the] complaint liberally and interpret it to raise the strongest arguments that it suggests." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (citation and internal quotation marks omitted). "Even in a *pro se* case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citation omitted). Thus, although the Court is "obligated to draw the most favorable inferences" that the complaint supports, it "cannot invent factual allegations that [the plaintiff] has not pled." Id.

When presented with a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, or matters of which judicial notice may be taken. See Taylor v. Vt. Dep't of Educ., 313 F.3d 768, 776 (2d Cir. 2002); see also Cooksey v. Digital, No. 14-CV-7146 (JGK), 2016 WL 5108199, at *2 (S.D.N.Y. Sept. 20, 2016).

**II.**

The allegations in the Amended Complaint are accepted as true for the purposes of this motion to dismiss.

During the relevant period, the plaintiff alleges that he was a convicted inmate temporarily incarcerated at the AMKC, a holding facility operated by the DOC, pending his transfer to State custody. Am. Compl. ¶ 12.

On November 3, 2015, the plaintiff claims that he slipped and fell on a wet floor when he left the shower area at the AMKC "because there were no[] mats on the floor." Am. Compl. ¶ 12. The plaintiff claims that there was "excessive water" on the floor because the "drainage system . . . was not working properly." Am. Compl. ¶ 12. The plaintiff claims that he injured his right wrist and aggravated an existing shoulder injury. Am. Compl. ¶ 14.

The plaintiff alleges that he was treated about an hour later by Dr. Habib Mohammad. Am. Compl. ¶ 14. Dr. Mohammad concluded that the plaintiff had an injury to his right wrist, noting that the plaintiff had swelling and reduced movement in his right hand. Am. Compl. ¶ 14. Dr. Mohammad placed the plaintiff's right arm in a "splint/sling." Am. Compl. ¶ 14. Dr. Mohammad ordered that x-rays be performed, and prescribed pain medication for the plaintiff, namely, "Tylenol/Codeine #3, 2 tabs [to be] taken every 12 hours for 4 days." Am. Compl. ¶ 14.

The plaintiff alleges that he was treated the next day by Dr. Roxanne Hobbs-Green. Am. Compl. ¶ 15. The plaintiff alleges that he complained about his pain, but that Doctor Hobbs-Green refused his request for stronger pain medication. Am. Compl. ¶ 15.

Five days later, on November 9, 2015, the plaintiff alleges that he was treated by Doctor Lester Liberman, who diagnosed the plaintiff with a "Closed Fracture of navicular bone of wrist-814.01 (primary), and/or first metacarpal." Am. Compl. ¶ 17. The plaintiff alleges that Dr. Liberman referred the plaintiff for hand surgery at an outside hospital, and scheduled a "follow-up in 3 weeks." Am. Compl. ¶ 17.

The plaintiff alleges that he was treated the next day by Dr. Azmat Hasan after the plaintiff complained about continued pain and reduced use of his right arm. Am. Compl. ¶ 18. Dr. Hazan diagnosed the plaintiff with a "Contusion of wrist-932-21," and prescribed 400 mg. of Ibuprofen to be taken twice daily for four days. Am. Compl. ¶ 18. None of the doctors that treated the plaintiff are named as defendants in the Amended Complaint.

On November 12, 2015, nine days after the alleged fall, the plaintiff was discharged from DOC custody and transferred to State custody. Am. Compl. ¶ 19. In addition to alleging that the medical treatment that he received at the AMKC was inadequate, the plaintiff claims that the defendants did not take the

5

requisite steps to inform the State authorities about the severity of his injury to ensure that he would receive proper medical treatment after leaving the AMKC. Am. Compl. ¶ 44. In particular, the plaintiff alleges that the AMKC failed to forward his medical records to the State authorities. Am. Compl. ¶ 44.

The plaintiff claims that the defendants were aware that the floors around the shower area were unduly slippery, and that the medical center at the AMKC was inadequate, based on a variety of prior litigations against "New York City Jails." Am. Compl. ¶¶ 3-4, 19.

The plaintiff claims that he continues to suffer from pain and other adverse consequences attributable to the fall. Am. Compl. ¶ 19.

The plaintiff has brought claims against the defendants for deliberate indifference to unconstitutional conditions of confinement, and for deliberate indifference to his serious medical needs, both in violation of the Eighth Amendment right to be free from cruel and unusual punishments.[2]

---

[2] The plaintiff also asserts claims pursuant to the Due Process Clause of the Fourteenth Amendment. However, "a convicted prisoner is obligated to pursue relief for allegedly unconstitutional conditions under the Cruel and Unusual Punishment[s] Clause of the Eighth Amendment while a pre-trial detainee's claim is properly brought under the Due Process Clause of the Fourteenth Amendment." V.W. by & through Williams v. Conway, No. 9:16-CV-1150, 2017 WL 696808, at *17 (N.D.N.Y.

**III.**

**A.**

A deliberate indifference claim under the Eighth Amendment consists of two elements. The first element is objective and requires that a plaintiff establish a sufficiently serious deprivation; the second element is subjective, and requires that a plaintiff establish a sufficiently culpable state of mind on the part of the responsible official. See Farmer v. Brennan, 511 U.S. 825, 832 (1994); Willey v. Kirkpatrick, 801 F.3d 51, 66 (2d Cir. 2015); Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998).

**(i)**

The defendants have moved to dismiss the claims for deliberate indifference to unconstitutional conditions of confinement.

To establish the objective prong of a claim for deliberate indifference to unconstitutional conditions of confinement, "the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health . . . , which includes the risk of serious damage to

---

Feb. 22, 2017); see also Darnell v. Pineiro, 849 F.3d 17, 29 (2d Cir. 2017). The plaintiff alleges that he was a convicted inmate at the time his constitutional rights were allegedly violated. Am. Compl. ¶ 12. Accordingly, all of the claims in the Amended Complaint will be construed as though they were brought under the Cruel and Unusual Punishments Clause of the Eighth Amendment.

physical and mental soundness." Darnell v. Pineiro, 849 F.3d 17, 30 (2d Cir. 2017) (citations and internal quotation marks omitted). "There is no 'static test' to determine whether a deprivation is sufficiently serious; instead, 'the conditions themselves must be evaluated in light of contemporary standards of decency.'" Id. (quoting Blissett v. Coughlin, 66 F.3d 531, 537 (2d Cir. 1995)).

"[C]onditions of confinement may be aggregated to rise to the level of a constitutional violation, but 'only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise.'" Id. (quoting Walker v. Schult, 717 F.3d 119, 125 (2d Cir. 2013)). "Each of [the] conditions must be measured by its severity and duration, not the resulting injury, and none of [the] conditions is subject to a bright-line durational or severity threshold." Id. at 32; see also Willey, 801 F.3d at 68.

To establish the subjective prong of a claim for deliberate indifference to unconstitutional conditions of confinement under the Eighth Amendment, a plaintiff must show "that the defendant acted with more than mere negligence." Farmer, 511 U.S. at 835. "To constitute deliberate indifference, '[t]he prison official must know of, and disregard, an excessive risk to inmate health or safety.'" Walker, 717 F.3d at 125 (citation omitted).

8

The plaintiff claims that the defendants were deliberately indifferent to unconstitutional conditions of confinement at the AMKC, namely, the wet floor around the shower area. The plaintiff claims that the defendants failed to rectify the problem by placing shower mats on the floor.

The allegations here of a slippery floor around a shower area are not severe enough to rise to the level of an objective constitutional violation because they did not plausibly pose an unreasonable risk of serious damage to the plaintiff's health. See, e.g., Martinez v. Schriro, No. 14CIV3965 (KMW), 2017 WL 87049, at *5 (S.D.N.Y. Jan. 9, 2017) ("As courts in this circuit have regularly found, wet floor conditions that cause a prisoner to slip and fall do not constitute an Eighth Amendment violation."); Carr v. Canty, No. 10 CIV. 3829 (JPO), 2012 WL 3578742, at *2 (S.D.N.Y. Aug. 16, 2012); Davis v. Reilly, 324 F. Supp. 2d 361, 367 (E.D.N.Y. 2004) (failure to provide shower mats did not give rise to an objective deprivation); LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993) ("Even if the floors of the shower are slippery . . . , 'slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment.'" (quoting Jackson v. Arizona, 885 F.2d 639, 641 (9th Cir. 1989)). Indeed, "The present case is similar to cases that are regularly dismissed under the objective element of the deliberate indifference inquiry because they allege simple state

9

law torts" that are not actionable under the Constitution. Seymore v. Dep't of Corr Servs., No. 11 CIV. 2254 (JGK), 2014 WL 641428, at *4 (S.D.N.Y. Feb. 18, 2014) (collecting cases); see also Smith v. Carpenter, 316 F.3d 178, 184 (2d Cir. 2003) ("[T]he Eighth Amendment is not . . . a substitute for state tort law.").

In addition, there are no plausible allegations suggesting that the individual defendants were aware of the challenged conditions. To allege awareness, the plaintiff points to the high-level supervisory positions that the individual defendants occupied at the AMKC. The plaintiff also identifies (without much particularity) myriad litigations at all "New York City Jails" related to a variety of issues, see Am. Compl. ¶ 20, that would not necessarily have put the individual defendants on notice of the slippery floors at the AMKC. The Amended Complaint does not plausibly allege that the individual defendants were aware of, and disregarded, the challenged conditions. See Little v. Mun. Corp., 51 F. Supp. 3d 473, 492 (S.D.N.Y. 2014) ("Plaintiffs fail to allege that these individuals expressed or exhibited behavior evident of a mental state equivalent to anything more than negligence."); Zubek v. Warden, in 2010 of Corrigan-Radgowaki Corr. Ctr., No. 3:15-CV-1633-VLB, 2016 WL 1735805, at *2 (D. Conn. May 2, 2016) ("The complaint fails to

identify any facts describing what anyone did, failed to do, knew, or obviously should have known.").

Accordingly, the claims for deliberate indifference to conditions of confinement are **dismissed**.

### (ii)

The defendants have moved to dismiss the claims for deliberate indifference to the plaintiff's serious medical needs.

To establish the objective prong of a claim for deliberate indifference to serious medical needs, the plaintiff must plead that "a condition of urgency, one that may produce death, degeneration, or extreme pain" exists. Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996); see also Villar v. Ramos, No. 13 CV 8422 (JGK), 2015 WL 3473413, at *3 (S.D.N.Y. June 2, 2015). The defendants do not challenge that the alleged injury suffered by the plaintiff constituted a serious medical condition.

To establish the subjective prong of a claim for deliberate indifference to serious medical needs under the Eighth Amendment, the plaintiff must plausibly allege that the official knew of the plaintiff's serious need and deliberately disregarded it. See Farmer, 511 U.S. at 837; Smith v. Carpenter, 316 F.3d 178, 184 (2d Cir. 2003). Absent a showing of "culpable recklessness" by the physician, disagreements over forms of treatment or the timing of intervention implicate medical

11

judgments that do not give rise to an Eighth Amendment violation. Chance, 143 F.3d at 703; see also Villar, 2015 WL 3473413, at *3. "[I]n the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 105-06 (1976) (internal quotation marks omitted).

    The actions allegedly taken by the doctors at the AMKC undercut the plaintiff's deliberate indifference claims. The allegations show that the doctors at the AMKC promptly treated the plaintiff for his injuries, and were available to him for further treatments. They immobilized his right arm, ordered x-rays, prescribed medication, and scheduled follow-up treatments, including surgery. The plaintiff faults the doctors for not prescribing stronger medication, or taking other treatment actions more expeditiously, but "there is no allegation by the plaintiff that [the AMKC] denied him any medically-necessary treatment." Sonds v. St. Barnabas Hosp. Corr. Health Servs., 151 F. Supp. 2d 303, 312 (S.D.N.Y. 2001) (actual treatments by doctors undermined deliberate indifference claims).

12

The plaintiff also alleges that the doctors at the AMKC failed to ensure that he would receive follow-up treatment after he left the AMKC. The allegations are conclusory and fail to show plausibly that the doctors understood that the plaintiff would not receive the recommended treatments, let alone that they were deliberately indifferent to his medical needs. See Andrew v. Bellevue Hosp., No. 13-CV-8531 (KBF), 2016 WL 7009018, at *4-5 (S.D.N.Y. Nov. 30, 2016); Walker v. Reid, No. 84 CIV. 5281 (EW), 1985 WL 192, at *1 (S.D.N.Y. Jan. 14, 1985) (Weinfeld, J.) ("While plaintiff alleges that at [the prison], a facility doctor 'allegedly scheduled an appointment' for outside treatment, but that he never went to an outside hospital for treatment, he has not alleged that this failure was intentional . . . ."); McFadden v. Fischer, No. 13-CV-559 (FPG), 2016 WL 5661824, at *15 (W.D.N.Y. Sept. 30, 2016) (allegations of problems associated with follow-up medical appointments established, at best, mere negligence).

In addition, there are no plausible allegations to show that any of the named individual defendants knew about any aspect of the plaintiff's injury or his medical treatments. Andrew, 2016 WL 7009018, at *4 ("Without facts to support an inference that any defendant knew of his alleged injuries, plaintiff's allegations of deliberate indifference are inadequate."). Again, the generalized allegation that there have

been prior litigations against the New York City jail system is insufficient to show that the individual defendants, even with their high-level supervisory positions, had any awareness of the plaintiff's medical needs in this case.

Accordingly, the claims for deliberate indifference to serious medical needs are **dismissed**.

### B.

The defendants correctly argue that the plaintiff's failure to plead the personal involvement of the individual defendants in this case provides an additional basis for dismissal of the claims against the individual defendants.

"[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (citation omitted). Indeed, "[t]here is no respondeat superior liability in § 1983 cases." Green v. Bauvi, 46 F.3d 189, 194 (2d Cir. 1995) (citation omitted). "A defendant's status as warden or commissioner of a prison, standing alone, is . . . insufficient to establish personal involvement under section 1983." Walker v. Schriro, No. 11 Civ. 9299, 2013 WL 1234930, at *15 (S.D.N.Y. Mar. 26, 2013) (citations and internal quotation marks omitted). To allege plausibly a defendant's personal involvement, "a plaintiff must plead that each Government-official defendant, through the official's own

14

individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676. Although the Court of Appeals for the Second Circuit has not addressed whether Iqbal "heightened the requirements for showing a [prison or correctional official's] personal involvement with respect to certain constitutional violations," see, e.g., Hogan v. Fischer, 738 F.3d 509, 519 n.3 (2d Cir. 2013), the Court of Appeals has indicated that, even after Iqbal, "[a] supervisory official personally participates in challenged conduct not only by direct participation, but by (1) failing to take corrective action; (2) creation of a policy or custom fostering the conduct; [or] (3) grossly negligent supervision or deliberate indifference to the rights of others." Rolon v. Ward, 345 Fed. App'x 608, 611 (2d Cir. 2009) (summary order) (citation omitted); see also Samuels v. Prack, No. 13-CV-8287 (KMK), 2017 WL 934706, at *6 (S.D.N.Y. Mar. 8, 2017); Seymore, 2014 WL 641428, at *6.

The plaintiff's supervisory liability claims must be dismissed because the plaintiff has failed to allege an underlying constitutional deprivation. See, e.g., Seymore, 2014 WL 641428, at *6; Floyd v. Bailey, No. 10 Civ. 7794, 2013 WL 1155361, at *7 (S.D.N.Y. Mar. 21, 2013).

Moreover, there is no basis to conclude that any of the individual defendants were personally involved in either the challenged conditions of confinement or in the medical treatment

of the plaintiff's injury. The allegations of personal involvement are primarily predicated on the job titles of the individual defendants, which is insufficient to establish personal involvement. Similarly, the allegations of previous litigations are far too generalized and conclusory to lead to a plausible inference that the individual defendants had any involvement in the alleged deprivations.

Accordingly, the claims against the individual defendants are also **dismissed** for failure to plead personal involvement.

### IV.

The claims against the City must be dismissed because the plaintiff has failed to allege a substantive claim for which the City could be liable. Moreover, the claims against the City must also be dismissed because the plaintiff has failed to plead a basis for municipal liability under <u>Monell v. Dep't of Soc. Servs. of the City of New York</u>, 436 U.S. 658 (1978). <u>Monell</u> provides that "municipalities may be sued directly under § 1983 for constitutional deprivations inflicted upon private individuals pursuant to a governmental custom, policy, ordinance, regulation, or decision." <u>Batista v. Rodriguez</u>, 702 F.2d 393, 397 (2d Cir. 1983) (citing <u>Monell</u>, 436 U.S. at 690–91). Municipalities are not subject to liability under theories of *respondeat superior,* but rather on the basis that their policies or customs "inflict[ed] the injury upon the plaintiff."

Id. "[T]o hold a city liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." Id.; see also Seymore, 2014 WL 641428, at *8;.

Monell only "extends liability to a municipal organization where that organization's failure to train, or the policies or customs that is has sanctioned, led to an independent constitutional violation." Segal v. City of New York, 459 F.3d 207, 219 (2d Cir. 2006). Where, as here, a plaintiff does not allege an underlying constitutional violation, there can be no liability under Monell. Id.; see also Seymore, 2014 WL 641428, at *8. In any event, the allegations attempting to link a policy or custom to an injury are boilerplate and conclusory. The Amended Complaint fails to state a claim against the City because the plaintiff has not alleged any facts to connect his asserted injuries to any training, policy, or custom on the part of the City. See Seymore, 2014 WL 641428, at *8; Benavides v. Grier, No. 09 CIV 8600 (JGK), 2011 WL 43521, at *3 (S.D.N.Y. Jan. 6, 2011).

## V.

Rule 15(a) provides that leave to file an amended complaint should be granted "freely . . . when justice so requires." Fed.

17

R. Civ. P. 15(a)(2); see also Foman v. Davis, 371 U.S. 178, 182 (1962) ("Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." (citation omitted)). The plaintiff has not asked for leave to replead. However, the plaintiff is proceeding *pro se* and has only amended his pleadings once. In the interests of justice, the plaintiff is granted leave to file a second amended complaint consistent with this Memorandum Opinion and Order because it cannot be said that further amendment would be futile. See Gonzalez v. J.P. Morgan Chase Bank, N.A., No. 16-CV-02611 (JGK), 2017 WL 122993, at *12 (S.D.N.Y. Jan. 12, 2017).

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the foregoing reasons, the motion to dismiss is **granted,** and the plaintiff's claims are **dismissed without prejudice and with leave to replead**. Any second amended complaint in this action is to be filed within thirty (30) days of the date of this Memorandum Opinion and Order. If no such amended complaint is filed, the Clerk is directed to close this case.

The Clerk is directed to close all pending motions.

**SO ORDERED.**

**Dated:**     **New York, New York**
              **March 28, 2017**            _____/s/_____
                                                          **John G. Koeltl**
                                      **United States District Judge**